IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CANDICE E. HAROLD,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE NO.** |
| **v.** : | **1:05-CV-2880-ODE-AJB** |
| : | |
| **AARON RENTS** : | |
| **d/b/a Aaron Sales and Lease** : | |
| **Purchase,** *et al.***,** : | |
| : | |
| **Defendants.** : | |

**ORDER FOR SERVICE OF**
**REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), and N.D. Ga. L.R. 72.1(D)(2). Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties or, if a party is not represented, upon a party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within ten (10) days of receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be

served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this the 12th day of October, 2006.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **CANDICE E. HAROLD,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE NO.** |
| **v.** : | **1:05-CV-2880-ODE-AJB** |
| : | |
| **AARON RENTS** : | |
| **d/b/a Aaron Sales and Lease** : | |
| **Purchase,** *et al.***,** : | |
| : | |
| **Defendants.** : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT & RECOMMENDATION**

Currently before the Court is Defendants' Motion to Dismiss, [Doc. 14]. For the reasons set forth herein, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**.

**I.     INTRODUCTION AND PROCEDURAL HISTORY**

On October 27, 2003, Plaintiff, Candice Harold, a black female and "nondenominational Sabbath Keeper"[1] filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). [Doc. 14 at Exh. A]. In this charge,

---

[1] Plaintiff refers to her religion as a "nondenominational Sabbath Keeper" in her civil action. [Doc. 2 at 3]. In the EEOC charge, Plaintiff refers to her religion as "Hebrew Israelite." [Doc. 14 at Exh. A].

Plaintiff indicated that while working for Aaron's Rents, she experienced retaliation and sex and religious discrimination in the form of harassment and a discharge on April 23, 2003. [*Id.*].

Plaintiff, proceeding *pro se* and *in forma pauperis*,[2] then filed a civil action on October 21, 2005, against Defendants, Aaron Rents and Charles Loudermilk, alleging race, sex, and religious discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.* (Title VII). [Doc. 2]. Plaintiff complained that she was terminated in April 2003 and that she experienced ridicule and harassment from the Winter of 2003 until her termination. [*Id.* at 2-4].

On April 10, 2006, the District Court entered an order directing Plaintiff "to complete the USM 285 form, summons, and the initial disclosures form, and to return one of each for each Defendant named in the complaint within twenty (20) days from the entry date of" the court order. [Doc. 6]. The undersigned then issued a show cause order on June 1, 2006, for Plaintiff to show cause why she did not comply with the District Court's April 10 order. [Doc. 7]. Following a June 28, 2006, hearing, the undersigned directed Plaintiff to comply with the April 10 order by July 17, 2006.

---

[2] Plaintiff was permitted to proceed *in forma pauperis* on November 8, 2005. [Doc. 3].

[Doc. 8]. Plaintiff filed her initial disclosures on July 17. [Doc. 9]. The Court's clerk then mailed requests for waivers of service to Defendants on July 18, 2006. [Docs. 10-11]. On August 8, 2006, Defendants returned the waiver of service forms. [Docs. 12-13]. Defendants also filed a motion to dismiss on the same day. [Doc. 14].

## II.   DEFENDANTS' CONTENTIONS

Defendants raise four separate arguments in their motion to dismiss. First, they contend that Plaintiff's civil action should be dismissed in its entirety because it is time barred. Specifically, Defendants argue that Plaintiff filed her October 27, 2003, EEOC charge 187 days after her April 23, 2003, termination. [Doc. 14 at 3-4]. Second, Defendants argue that Plaintiff failed to administratively exhaust her race discrimination claim because she failed to allege race discrimination in her EEOC charge. [*Id.* at 5-6]. Third, Defendants argue that Loudermilk cannot be liable under Title VII because Title VII is not applicable to individuals. [*Id.* at 6-7]. Finally, Defendants argue that Plaintiff's civil action should be dismissed because she improperly served Defendants for the following reasons: (1) she did not serve Defendants within 120 days of filing her civil action; and (2) she failed to provide the Court clerk with the proper service address for Aaron Rents or the identity of Aaron

3

Rents's registered agent. [*Id.* at 8-10]. Plaintiff has not responded to Defendants' motion to dismiss. [*See generally* Dkt.].

**III. DISCUSSION**

 *A. Plaintiff's Failure to Respond to Defendants' Motion to Dismiss*

Under this Court's Local Rules, "[f]ailure to file a response [to a motion] shall indicate that there is no opposition to the motion." N.D. Ga. L.R. 7.1B. Plaintiff has not responded to Defendants' motion to dismiss, indicating that she does not oppose the motion. As a result, the Court could recommend dismissal of Plaintiff's civil action on this basis. However, the Court will analyze the merits of Defendants' arguments.

 *B. Defendants' Motion to Dismiss*

Defendants contest both whether Plaintiff can state a claim under Title VII and whether Plaintiff followed proper procedures for serving process. [*See* Doc. 14]. As a result, Defendants appear to bring a motion to dismiss under Rule 12(b)(6) for failure to state a claim and under Rule 12(b)(4) for insufficiency of process and/or Rule 12(b)(5) for insufficiency of service of process. The Court first addresses Defendants'

motion to dismiss under Rule 12(b)(4) and/or Rule 12(b)(5) and then considers Defendants' Rule 12(b)(6) motion to dismiss.[3]

### 1. Rule 12(b)(4) and Rule 12(b)(5) Motions to Dismiss

Under Rule 12(b)(4), a defendant may move to dismiss a civil action for insufficiency of process, and under Rule 12(b)(5), a defendant may move to dismiss for insufficiency of service of process. FED. R. CIV. P. 12(b)(4), (b)(5). However, where a party waives service of process, the party may not move to dismiss based on the sufficiency of the summons or the sufficiency of the method by which the summons was served. *See* FED. R. CIV. P. 4 advisory committee notes (1993)[4]; *see also United States v. Hafner*, 421 F. Supp. 2d 1220, 1223-24 (D.N.D. 2006). Defendants waived

---

[3] *See Wilson v. Prudential Financial*, 332 F. Supp. 2d 83, 89 n.2 (D.D.C. 2004) ("To proceed to a Rule 12(b)(6) . . . determination, the court must first determine that the plaintiff has properly effected service of process.").

[4] The 1993 advisory committee notes explicitly state:

Paragraph (1) is explicit that a timely waiver of service of a summons does not prejudice the right of a defendant to object by means of a motion authorized by Rule 12(b)(2) to the absence of jurisdiction over the defendant's person, or to assert other defenses that may be available. *The only issues eliminated are those involving the sufficiency of the summons or the sufficiency of the method by which it is served.*

FED. R. CIV. P. 4 advisory committee notes (1993) (emphasis added).

5

service of process on August 8, 2006.  [*See* Docs. 12-13].  They therefore cannot complain about Plaintiff's attempts to serve process.

Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss be **DENIED** to the extent that Defendants claim that process was insufficient or service of process was insufficient under Federal Rules of Civil Procedure 12(b)(4) or 12(b)(5).

### 2. *Rule 12(b)(6) Motion to Dismiss*

A Court will grant a FED. R. CIV. P. 12(b)(6) motion to dismiss if a plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  In evaluating a motion to dismiss, the Court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the plaintiff. *75 Acres, LLC v. Miami-Dade County, Fla.*, 338 F.3d 1288, 1293 (11th Cir. 2003). Also, any ambiguities are construed in the plaintiff's favor.  *See Miccosukee Tribe of Indians of Fla. v. So. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002).

Generally, when a party presents matters outside the pleading in their motion to dismiss, courts are to construe the motion to dismiss as a motion for summary judgment.  FED. R. CIV. P. 12(b).  Documents attached to a motion to dismiss may be considered, however, without converting the motion to dismiss into a motion for

6

summary judgment where the document is "(1) central to the plaintiff's claim and (2) undisputed," *i.e.*, the authenticity of the document is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Also, "a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [courts] may consider such a document provided it meets the centrality requirement" listed above. *Id.*[5]

### a. Timeliness of Plaintiff's EEOC Charge

An employee must file a timely charge of discrimination with the EEOC following the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); *Ledbetter v. Goodyear Tire and Rubber Co., Inc.*, 421 F.3d 1169, 1178 (11th Cir. 2005). In a non-deferral state, such as Georgia, a plaintiff must file an EEOC complaint within 180 days after the alleged unlawful employment practice. *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003). When a plaintiff fails to file an EEOC charge before the end of the 180-day limitations period, the claim is time-barred. *See Pierri v.*

---

[5] By considering Plaintiff's EEOC charge, the Court does not convert the motion to dismiss into a motion for summary judgment. *See, e.g.*, *Branum v. United Parcel Serv., Inc.*, 232 F.R.D. 505, 506 n.1 (W.D. Pa. 2005); *EEOC v. Woodmen of World Life Ins. Society*, 330 F. Supp. 2d 1049, 1052 (D. Neb. 2004) ("Because an 'EEOC charge is part of the public record,' a motion to dismiss is not converted into a motion for summary judgment by the attachment of an EEOC charge.") (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802 (8th Cir. 2002)).

*Cingular Wireless, LLC*, 397 F. Supp. 2d 1364, 1373-74 (N.D. Ga. 2005) (concluding that Title VII claim based on events that occurred two years before EEOC charge was filed was time-barred); *Scott v. Lee County Youth Dev. Ctr.*, 232 F. Supp. 2d 1289, 1292 (M.D. Ala. 2002) ("If a plaintiff fails to file an EEOC charge before the 180-day limitations period, the plaintiff's subsequent lawsuit is time barred and must be dismissed for failure to exhaust administrative remedies.").

The Court concludes that Plaintiff's EEOC charge was untimely filed. Plaintiff was terminated on April 23, 2003, which meant that any acts of discrimination would have occurred before this date. She, therefore, had 180 days from this date or October 20, 2003,[6] to file a charge of discrimination with the EEOC concerning discrimination based on her termination or harassment. Plaintiff filed her EEOC charge on October 27, 2003, seven days after the deadline for filing the EEOC charge. As a result, Plaintiff's EEOC charge was untimely, and her subsequent civil action based on the untimely EEOC charge is likewise time barred.

---

[6] The one hundred eightieth day after April 23, 2003, was Sunday, October 19, 2003. Because the last day fell on a weekend, the Court finds that Plaintiff had until October 20, 2003, to file her EEOC charge. *See Gallups v. City of Alexander City*, 287 F. Supp. 2d 1286, 1295-96 (M.D. Ala. 2003).

8

Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** on all of Plaintiff's Title VII claims.  In case the District Court disagrees with the undersigned on this recommendation, the undersigned proceeds with analyzing the merits of Defendant's other motion to dismiss arguments.

*b.     Exhaustion of Administrative Remedies*

Before filing a Title VII action in court, a plaintiff first must file a charge of discrimination with the EEOC.  *Gregory v. Georgia Department of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004).  This rule is in place so "that the [EEOC] [may] have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts."  *Id.* (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)).  A plaintiff may however bring Title VII claims that "amplify, clarify, or more clearly focus" the allegations in the EEOC complaint.  *Id.* (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)). In other words, "a 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'"  *Id.* at 1280 (quoting *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)).  As a result, a plaintiff may not allege new acts of discrimination in a civil action.  *Id.* at 1279-80.  "Courts are

9

nonetheless 'extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII],'" such that the EEOC charge is not to be "strictly interpreted." *Id.* at 1280 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460-61, 465 (5th Cir. 1970)). Thus, "the proper inquiry" is whether the "complaint was like or related to, or grew out of, the allegations contained in her EEOC charge." *Id.* As a result, courts examine whether a plaintiff has "stated facts from which a reasonable EEOC investigator could have concluded that what she had complained about is [a discriminatory act explicitly omitted from the EEOC charge]" due to her complaints in the EEOC charge. *Id.*

The Court concludes that Plaintiff did not exhaust her administrative remedies for the race discrimination claims in her civil action. Plaintiff's EEOC charge indicates that she complained about retaliation and sex and religious discrimination. Plaintiff failed to indicate anywhere in the EEOC charge that she believed that she experienced discrimination because of her race. For instance, Plaintiff did not check the "race" box in the EEOC charge nor did she list discrimination based on race in the space for particular claims. [*See* Doc. 14 at Exh. A]. As a result, the Court concludes that a reasonable EEOC investigator would not have concluded that Plaintiff was complaining

10

about race discrimination based on the omission of any indication of race discrimination in the EEOC Charge.

Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** on Plaintiff's race discrimination claims against Defendants.

### *c.     Liability of Defendant Loudermilk Under Title VII*

The Eleventh Circuit has expressly held "that relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or a private company." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). A plaintiff may sue, however, an individual in his official capacity under Title VII. *See* 42 U.S.C. § 2000e(a), (b); *Clanton v. Orleans Parish Sch. Bd.*, 649 F.2d 1084, 1094 n.13 (5th Cir. July 6, 1981) ("The defendants in their official capacities are proper defendants, since they are agents of the [governmental entity].");[7] *see also Busby v. City of Orlando*, 931 F.2d 764, 776, 772 (11th Cir. 1991) ("We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer

---

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

11

directly."). Such an official capacity claim is redundant when the plaintiff also sues the employer. *See Portera v. State of Ala. Dept. of Finance*, 322 F. Supp. 2d 1285, 1287-88 (M.D. Ala. 2004) (finding that Title VII claim against individual in his official capacity was redundant when employer was named as a defendant in Title VII case); *Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000) (dismissing claims against defendants in their official capacities as redundant because employer was also named as a defendant). Therefore, Plaintiff cannot hold Defendant Loudermilk liable under Title VII in his individual or official capacities.

Accordingly, the Court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED** to the extent that Plaintiff intended to sue Defendant Loudermilk in his individual or official capacities.

### IV.   CONCLUSION

For the aforementioned reasons, the Court **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED WITH PREJUDICE** because Plaintiff cannot state any Title VII claims.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

AO 72A
(Rev.8/82)

**IT IS SO RECOMMENDED AND DIRECTED** this the 12th day of October, 2006.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

13